UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ALVIN JAMES JEMISON, JR.,**

**Petitioner,**

**v.** **Case No. 26-CV-1509**

**WARDEN TROY SMITH,**
***Dodge Correctional Institution,***

**Respondent.**

---

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

---

Alvin James Jemison Jr., who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. (ECF No. 1.) Jemison paid the filing fee and consented to the full jurisdiction of a magistrate judge. (ECF No. 3.) The court will now screen Jemison's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Jemison challenges a Milwaukee County Circuit Court judgment, and therefore venue is proper in this district. *See* 28 U.S.C. §§ 130(a); 2241(d); (ECF No. 1 at 2). He presents at least one cognizable claim—ineffective assistance of trial counsel. (ECF No. 1 at 6, 8.) He has pursued relief in the Wisconsin Court of Appeals and Wisconsin Supreme Court (ECF No. 1 at 3) and therefore has plausibly exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). There is no indication that he has previously sought federal habeas relief. *See* 28 U.S.C. § 2244(b). Based upon the record available to the court, Jemison appears to have timely filed his habeas petition in federal court. *See* 28 U.S.C. § 2244(d). Consequently, the court is unable to say that it is plainly apparent that Jemison is not entitled to relief. The respondent shall answer the petition.

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General.

No later than **60 days after this order** the respondent shall answer the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases. Jemison shall then submit a brief in support of his petition no later than **28 days thereafter**. The respondent shall submit a brief in opposition no later than **28 days thereafter**. Jemison may reply no later than **21 days thereafter**.

Alternatively, the respondent may move to dismiss Jemison's petition no later than **60 days after this order**. In the event the respondent moves to dismiss the petition,

Jemison shall respond to that motion no later than **28 days thereafter**. The respondent may then reply no later than **28 days thereafter**.

Unless the court determines that additional proceedings are necessary, this shall conclude the briefing. The court will then resolve the petition on the written record.

All of Jemison's filings with the court shall be mailed to the following address:

Office of the Clerk
United States District Court
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS.

Jemison should also retain a personal copy of each document.

Jemison is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, Jemison must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 24th day of September, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge